United States District Court
For the Northern District of California

1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11   MICHAEL ANTHONY LOCKHART,              No. C 10-5937 WHA (PR)
12              Plaintiff,                  **ORDER OF DISMISSAL**
13     v.
14   MICHAEL GIAMALYO; R. BETZ;
     RUI MARQUES, et al.,
15
16              Defendants.
                                    /
17

18                          **INTRODUCTION**

19         This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a California

20   prisoner proceeding pro se.  He has been granted leave to proceed in forma pauperis in a

21   separate order.

                                **ANALYSIS**
22
23   A.    **STANDARD OF REVIEW**

24         Federal courts must engage in a preliminary screening of cases in which prisoners seek

25   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

27   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

28   monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

9    level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

11   at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

12   F.2d 696, 699 (9th Cir. 1990).

13   To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

14   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

15   that the violation was committed by a person acting under the color of state law.  *West v. Atkins*,

16   487 U.S. 42, 48 (1988).

17   **B.    LEGAL CLAIMS**

18   Plaintiff contends that three Alameda County Sheriff's Deputies have fabricated

19   evidence against him, falsely arrested him, and participated in a malicious prosecution against

20   him.

21   These claims are duplicative of claims that plaintiff raised in an earlier case filed in this

22   court.  *See Lockhart v. Giammalyo, et al.,* No. 10-5220 WHA (PR).  Duplicative or repetitious

23   litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as

24   malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  This is true even where the

25   new complaint repeats the same claims but against new defendants.  *Ibid.*  "Dismissal of the

26   duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,

27   promotes judicial economy and the 'comprehensive disposition of litigation.'"  *Adams v.*

28   *California*, 487 F.3d 684, 692-93, 694 (9th Cir. 2007) (citation omitted).

2

1    Plaintiff's prior case was dismissed without prejudice to refiling when plaintiff's

2    criminal conviction is dismissed, expunged, vacated or overturned.  The allegations in the

3    complaint in the present case make clear that his criminal conviction is still in force.

4    Consequently, and as plaintiff's claims are duplicative of claims that he raised in a prior action,

5    the instant action will be dismissed.

6    **CONCLUSION**

7    For the reasons set out above, this action is **DISMISSED**.

8    The Clerk shall enter judgment and close the file.

9    **IT IS SO ORDERED.**

10

11   Dated: February ____10____, 2011.

12   WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20   G:\PRO-SE\WHA\CR.10\LOCKHART5937.DSM.wpd

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3